IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2007 Session

**STATE OF TENNESSEE v. JEANIE MARIE SEALS**

**Appeal from the Criminal Court for Hamblen County**
**No. 05CR035    James Edward Beckner, Judge**

**No. E2006-01878-CCA-R3-CD - Filed January 8, 2008**

D. KELLY THOMAS, JR., J., concurring.

I concur in the results reached by the majority as I would also remand this case for a new trial. I write separately to note the manner in which I believe that the proposed testimony of nurse Teresa Hudgens—namely, that the defendant contacted Hudgens via telephone and told Hudgens that the victim threatened to kill the defendant—was admissible.

As noted by the majority, evidence that would otherwise be inadmissible hearsay may be admitted in certain circumstances if the evidence is necessary for the defendant to present a defense. State v. Flood, 219 S.W.3d 307, 316-17 (Tenn. 2007). The three Flood factors were all met here. Hudgens' proposed testimony and the note Hudgens made when the defendant contacted her were critical to the defense. The prosecution challenged the defendant's credibility during cross-examination. The prosecutor told the defendant, "It's very important that you be believed," and Hudgens' testimony would have aided the jury in determining whether the defendant was credible. Hudgens' testimony did bear sufficient indicia of reliability in that the nurse kept a written note made contemporaneously to the defendant's statement, and the defendant was willing to introduce that note into evidence. Finally, the interest served by excluding the nurse's testimony did not justify exclusion. The Rules of Evidence would have permitted the nurse's testimony to be admitted as a prior consistent statement had the testimony been presented after the defendant's credibility was attacked. See State v. Meeks, 867 S.W.2d 361, 374 (Tenn. Crim. App. 1993). In this case, the defense counsel may well have been dissuaded from recalling Hudgens, who testified prior to the defendant, after the defendant's credibility had been attacked, in light of the trial court's statement to defense counsel that "you know, as a lawyer, or you should know, what you're able to present and what you can't present, and the laws of evidence are clear and well defined."

In light of these reasons, I would have concluded that Hudgens' testimony was admissible had it been properly presented. Therefore, I join in the majority's conclusion remanding this case

to the Criminal Court for Hamblen County for a new trial.

_____
_____D. KELLY THOMAS, JR., JUDGE